919 So.2d 611 (2006)
Elsa G. CARTAYA, Appellant,
v.
DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, Appellee.
No. 3D05-812.
District Court of Appeal of Florida, Third District.
January 18, 2006.
Jamerson & Sutton and John O. Sutton (Miami), for appellant.
Bennett M. Miller, Racquel A. White and Alfonso Santana (Orlando), for appellee.
Before SUAREZ and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
SUAREZ, J.
Real estate appraiser Elsa Cartaya ("Cartaya") appeals the Florida Real Estate Appraisal Board's (the "Board") order suspending her real estate appraisal certificate for two years, concurrent with two years of probation. We reverse.
Cartaya asserts that the Board erred in its interpretation of the relevant statute and by departing from the Administrative Law Judge's ("ALJ") recommendation that her certificate be suspended for thirty days and one year of probation, and instead suspending her certificate for two years with two years concurrent probation, without stating with particularity in its written order its reasons for doing so. The Board contends that its decision to impose a more severe penalty than the ALJ had recommended falls within its broad discretion and should be affirmed.
The Department of Business and Professional Regulation (the "Department") filed a six count complaint against Cartaya which alleged that she committed wrongdoings relating to the appraisals of three residential properties. Her alleged errors included misstating ownership, misdating *612 an appraisal, and failing to analyze or accurately represent appraisal factors. The consolidated matters proceeded to an administrative hearing before an ALJ. In a detailed and well-reasoned recommended order, the ALJ found Cartaya guilty under Count III Case No. 04-1680 of one unintentional violation of Standards Rule 2-2(b)(vi) and two unintentional violations of Standards Rule 2-2(b)(ix). The ALJ found her not guilty on all other counts brought against her. The ALJ recommended that the Board suspend Cartaya's appraisal certificate for thirty days, impose probation for one year, and require her to comply with a number of other conditions and pay fines. Cartaya filed written exceptions.
The Board adopted the ALJ's findings of fact, but rejected its legal conclusions and recommended penalty. The Board suspended Cartaya's license for two years concurrent with two years of probation, along with continuing education, fines and costs.
We reverse because the Board erred by departing from the ALJ's recommendations without stating with particularity its reasons for doing so in its written order. Florida Statutes section 120.57(1)(l) provides: "[t]he agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action." Here, the Board failed to state in its written order any reason justifying its departure from the recommended thirty-day suspension, and failed to explain or support the reasons for its imposition of a two-year suspension and concurrent two-year probation. As the Board failed to follow its statutory obligations, its order must be reversed, and this matter remanded for further proceedings. § 120.68(7)(e)4., Fla. Stat. (2005) (requiring a court to remand a case to the agency for further proceedings where the agency's exercise of discretion was in violation of a constitutional or statutory provision).
Reversed and remanded for further proceedings consistent with this decision.