980 So.2d 1124 (2008)
James E. HETHER, D.C., Appellant,
v.
DEPARTMENT OF HEALTH, Appellee.
No. 5D06-3775.
District Court of Appeal of Florida, Fifth District.
March 14, 2008.
Rehearing Denied May 6, 2008.
*1125 Michael R. D'Lugo, of Wicker, Smith, O'Hara, McCoy & Ford, P.A., Orlando, for Appellant.
Wings S. Benton, Assistant General Counsel, Prosecution Services Unit, Department of Health, Tallahassee, for Appellee.
PLEUS, J.
James Hether, D.C., appeals the Department of Health, Board of Chiropractic Medicine's ("Department") final order finding him guilty of sexual misconduct with a chiropractic patient. He raises three arguments on appeal. We reverse and remand with respect to Dr. Hether's third argument, that the Department impermissibly increased the penalties recommended by the ALJ when it added five hours of continuing education ("CE") in the area of ethics and boundaries, without explaining its reasons for doing so. On the other issues, we affirm without further comment.
Based upon the factual findings and the applicable statutes prohibiting sexual misconduct by a doctor, the ALJ recommended penalties for Dr. Hether that included: (1) a reprimand, (2) a $2,500.00 administrative fine, (3) psychological evaluation by the Professional Resource Network, and (4) two years probation, which included a practice restriction prohibiting Dr. Hether from treating a female patient without another health care professional present in the room. The Department's final order accepted the penalties from the recommended order but also added five hours of CE in the areas of ethics and boundaries.
Section 120.57(1)(l), Florida Statutes (2006), provides in pertinent part:
The agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action.
(Emphasis added). In Cartaya v. Department of Business and Professional Regulation, 919 So.2d 611 (Fla. 3d DCA 2006), the court held that where the penalty from the recommended order was increased without adequate explanation of the reasons, remand was required.[1] Likewise, the Third District held that where a final order failed to give reasons for increase in penalty, as required by section 120.57, the proper remedy was to
reverse the order under review and remand the cause to the Florida Board of Medical Examiners with directions to enter a new final order in this cause which either (a) accepts the penalty recommendation *1126 of the hearing examiner, or (b) reimposes the penalty under review stating, with particularity, the reasons for increasing the penalty recommended by the hearing examiner.
Lazarus v. Dep't of Prof. Regulation, Bd. of Med. Exam'rs, 461 So.2d 1022, 1023 (Fla. 3d DCA 1985).
In the instant case, the Department failed to state with particularity the reasons for the increased punishment consisting of the additional CE requirements. The penalty increase simply stated:
Respondent shall document the completion of five (5) hours of continuing education in the areas of boundary issues and ethics within one (1) year from the date that this Final Order is filed. These hours shall be in addition to those hours required for license renewal. Said continuing education courses must be pre-approved by the Board and shall consist of a formal live lecture format.
There are no reasons stated in the final order for the additional CE penalty. Although it is true that the Department discussed the reasons for the CE requirement and reviewed the record at its own hearing, the plain language of section 120.57 requires that the reasons for the increase be stated in the order and citation be made to the record. Because the final order failed to do so, we remand with directions that the Department either accept the recommended penalty or reimpose the current penalty, stating with particularity the reasons for the increase. Lazarus, 461 So.2d at 1023.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
PALMER, C.J. and EVANDER, J., concur.
NOTES
[1] As in the instant case, the penalty in Cartaya included probation and continuing education.