EVANDER, J.
 

 Dr. Barry Kaplan appeals a final order of the Board of Osteopathic Medicine (the Board) which,
 
 inter alia,
 
 suspended and restricted his license to practice osteopathic medicine. We affirm the Board’s decision and write only to address Dr. Kap-lan’s contention that the Board wrongfully imposed a penalty more severe than recommended by the administrative law judge (ALJ).
 

 On November 21, 2006, an administrative complaint was filed by the Department of Health (the Department) which alleged that Dr. Kaplan had violated section 459.015(l)(x), Florida Statutes (2005) by failing to practice osteopathic medicine with the level of care, skill, and treatment recognized by a reasonably prudent similar osteopathic physician in the care of his patient, B.C. Dr. Kaplan disputed the complaint and requested a formal administrative hearing. After holding a contested hearing, the ALJ entered a recommended order. In its recommended order, the ALJ found that the Department had proven its allegations by clear and convincing evidence and recommended that Dr. Kap-lan be fined $6,500 and placed on three years probation with such conditions as determined appropriate by the Department, including additional education re
 
 *393
 
 quirements.
 
 [1]
 

 The record reflects that Dr. Kaplan had been disciplined by the Board on three prior occasions — two of which involved patient care. The prior administrative complaints had been resolved by Dr. Kaplan’s stipulation to the imposition of certain sanctions, including, in one case, a suspension of his right to perform certain surgical procedures. Although the ALJ was aware of the prior disciplinary actions, it found that Dr. Kaplan should be treated as a first-time offender because the prior disciplinary proceedings did not conclude with an order in which there had been a “finding” of a statutory violation. The Department filed an exception to the ALJ’s determination that Dr. Kaplan should be treated as a first-time offender and the exception was properly sustained by the Board. Rule 64B15-19.003, Florida Administrative Code, specifically authorizes the Board, in its determination of an appropriate penalty, to consider the number of times the licensee has previously been disciplined by the Board. The rule does not limit consideration of prior disciplinary actions to those cases in which there has been a “finding” of a statutory violation.
 

 The sanctions ultimately imposed by the Board were authorized for a violation of section 459.015(l)(x), but far more severe than recommended by the ALJ. Dr. Kap-lan was issued a reprimand, assessed a fine of $6,500, ordered to take a medical records course, and prohibited from performing cosmetic surgery until such time as he demonstrated competency in cosmetic surgery by obtaining Board certification. Additionally, the Board suspended Dr. Kaplan’s license for one year with six months stayed, and imposed a three year probationary period to follow the suspension.
 

 We find no error in the Board’s determination of the sanctions to be imposed against Dr. Kaplan. Section 120.57(1)(Z), Florida Statutes (2008), provides that where an agency reduces or increases the recommended penalty in a recommended order, it must engage in a review of the complete record and state with particularity its reasons for doing so by citing to the record.
 
 See also Hether v. Dep’t of Health,
 
 980 So.2d 1124 (Fla. 5th DCA 2008). Here, the Board fully complied with the requirements of section 120.57(1)(Z). The Board’s final order reflected that the increased penalty was directly related to Dr. Kaplan’s significant disciplinary history.
 

 AFFIRMED.
 

 MONACO and TORPY, JJ, concur.
 

 [1]
 

 . The ALJ also recommended that Dr. Kaplan be required to reimburse B.C. for the cost of her surgery. The Board did not impose this recommended sanction, finding that patient reimbursement was not authorized under the disciplinary guidelines set forth in Rules 64B15-19.001 and 64B15-19.002, Florida Administrative Code.